UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NANCY VARTABEDIAN,

                            Plaintiff,                              06-CV-2029
                                                                      (SJF)(ARL)
       -against-

                                                                      **OPINION & ORDER**

HONORABLE PETER DOUNIAS, individually
and in his official capacity as a state actor;
DANIEL W. DOBBINS, individually and as father
of the child; and KATHERINE OCHS, of
SIBEN & SIBEN, individually and in her capacity
as counsel for the defendant Daniel Dobbins and as
attorney and Officer of the Court,

                            Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.

I.     Introduction

       Pending before the Court is the complaint of pro se plaintiff Nancy Vartabedian ("plaintiff") and applications to enjoin, *inter alia*, defendant Daniel W. Dobbins (Dobbins) and non-parties Suffolk County Sheriff's Department (the Sheriff's Department), the Suffolk County Child Support Enforcement Bureau (CSEB), and Verizon from garnishing her salary and to proceed in forma pauperis. For the reasons set forth below, the application to proceed in forma pauperis is granted, the application for injunctive relief is denied, and the complaint is dismissed sua sponte with prejudice.

1

II. Background

   A. State Court Proceedings

Daniel Vartabedian (Daniel or the child) is the minor child of plaintiff and Dobbins. On January 26, 1999, the Family Court awarded custody of Daniel to plaintiff and visitation rights to Dobbins. Thereafter, by order entered March 30, 1999, the Family Court (Dounias, J.) found plaintiff to be in contempt of court for willfully violating the prior order granting Dobbins visitation rights and, by order entered April 12, 1999, granted custody of Daniel to Dobbins. On appeal, the New York Appellate Division, Second Department remanded the case to the Family Court for a hearing to determine the best interests of the child. Matter of Dobbins v. Vartabedian, 270 A.D.2d 261, 704 N.Y.S. 2d 836 (2d Dept. 2000). Dobbins retained temporary custody of Daniel pending determination of the custody proceeding.

By order entered April 11, 2001, the Family Court awarded custody of Daniel to Dobbins. By order entered July 16, 2001, the Family Court granted visitation rights to plaintiff, but placed certain restrictions on her ability to participate in Daniel's medical care. The Family Court orders were affirmed on appeal. Dobbins v. Vartabedian, 304 A.D.2d 665, 758 N.Y.S. 2d 153 (2d Dept. 2003), lv. denied, 100 N.Y. 2d 506, 763 N.Y.S. 2d 812, 795 N.E.2d 38 (2003).

In or prior to November 2002, Dobbins commenced an action in Supreme Court, Suffolk County (the Supreme Court) against plaintiff, *inter alia*, to recover damages for malicious prosecution and abuse of process. By judgment dated December 19, 2002, the Supreme Court (Cohalan, J.), granted Dobbins's motion for a default judgment and entered judgment in favor of Dobbins and against plaintiff in the principal sum of $62,227.00. A subsequent order of the Supreme Court (Cohalan, J.), dated November 9 2004, which vacated the default judgment

2

against plaintiff, was reversed on appeal and the default judgment was reinstated. Dobbin v. Vartabedian, 23 A.D.3d 431, 805 N.Y.S.2d 576 (2d Dept. 2005).

According to plaintiff, in November 2002, Dobbins and his attorney, defendant Katherine Ochs (Ochs), commenced a proceeding in Suffolk County Family Court, "which resulted in her being incarcerated for non-payment of child support." (Complaint [Compl.], ¶ 21). Moreover, according to plaintiff, in July 2004, Dobbins and Ochs commenced another proceeding in Suffolk County Family Court, "which resulted in her once again being incarcerated for 6 months for non-payment of child support." (Id. at ¶ 22).

B. Federal Court Proceedings

1. First Federal Action

On November 15, 1999, prior to the final custody determination, plaintiff filed a civil rights action under 42 U.S.C. § 1983 action against, *inter alia*, Dobbins in the Southern District of New York, relating to her domestic relations difficulties. See Vartabedian v. Dobbins, CV-99-11347. By order dated December 7, 1999, Judge Denise L. Cote dismissed the complaint for lack of subject matter jurisdiction. Vartabedian v. Dobbins, CV-99-11347 (S.D.N.Y. Dec. 7, 1999).

2. Second Federal Action

On October 8, 2003, shortly after the state court appeals were decided, plaintiff commenced an action in this Court seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that the Family Court judgment was invalid because the

state court lacked subject matter jurisdiction. <u>Vartabedian v. Dobbins</u>, No. CV-03-4976. In that action, plaintiff claimed, *inter alia*, (1) that the New York state courts lacked subject matter jurisdiction over the custody dispute because Florida was Daniel's home state; and (2) that the custody hearing was improperly conducted in her absence. <u>Id.</u> By order dated February 5, 2004, Senior Judge Charles P. Sifton granted Dobbins's motion to dismiss for lack of subject matter jurisdiction. <u>Vartabedian v. Dobbins</u>, No. CV-03-4976 (E.D.N.Y. Feb. 5, 2004). Specifically, Judge Sifton held that pursuant to the <u>Rooker-Feldman</u> doctrine, subject matter jurisdiction was lacking because plaintiff simply "object[ed] to the outcome of a judicial proceeding and filed a separate suit to get around it." <u>Id.</u> at 5.

Plaintiff appealed Judge Sifton's order to the Second Circuit Court of Appeals, and additionally sought a stay of all pending state court actions until the determination of the appeal. By mandate issued May 31, 2005, the Second Circuit denied Vartabedian's motion for a stay of all state court proceedings and dismissed the appeal as lacking any arguable basis in law or fact. <u>Vartabedian v. Dobbins</u>, 04-CV-1806.

### 3. Third Federal Action

On March 9, 2004, shortly after Judge Sifton's order dismissing the second federal action, plaintiff filed a Notice of Removal seeking to remove a support proceeding commenced by Dobbins against her in the Family Court under docket number F-01813-99/03D on or about February 26, 2004, to this Court. Plaintiff sought removal on the basis of diversity of citizenship and asserted claims for, *inter alia*, due process violations and "statutory violations of Federal protected rights under the 1983 Civil Rights Act." By memorandum of decision and order dated

June 4, 2004, Judge Denis R. Hurley denied removal and remanded the action to the Family Court. Dobbins v. Vartabedian, No. CV-04-1013 (E.D.N.Y. June 4, 2004). Judge Hurley held that "a state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court." Id. at 2-3. Judge Hurley further held that "even according to a close and sympathetic reading of the Removal Petition, * * * the Court lack[ed] removal jurisdiction." Id., at 3.

4.  Fourth Federal Action

On April 28, 2005, plaintiff filed a Notice of Removal in this Court, but she did not file an accompanying Petition for Removal or any pleadings from the Family Court record. According to the civil cover sheet accompanying the Notice of Removal, plaintiff sought removal on the basis of federal question jurisdiction. The crux of plaintiff's affidavit in support of removal and the annexed documents was that the New York state courts lacked subject matter jurisdiction to determine the custody rights of her child because she and her child were residents of Florida, and that the appropriate forum was the federal court. This Court sua sponte remanded the action back to the Family Court of the State of New York, County of Suffolk, on the basis that it lacked subject matter jurisdiction. Dobbins v. Vartabedian, No. CV-05-2071 (E.D.N.Y. July 12, 2005).

5.  Fifth Federal Action - The Instant Action

On May 2, 2006, plaintiff filed the instant civil rights action against Dobbins, Ochs and Family Court Judge Honorable Peter Dounias (Judge Dounias), alleging violations of her due

process and equal protection rights under the Fourteenth Amendment, and claims for "intentional alienation of affection," intentional infliction of mental distress, false imprisonment and malicious prosecution. The gravamen of plaintiff's complaint is that she is unfairly being forced to pay Dobbins's legal fees for litigation expenses surrounding her custody and support battles with him "due to a miscarriage of justice created by the Defendant [sic], Judge Peter Dounias, Mr. Dobbins, and Katherine Ochs." (Compl., ¶ 31). Plaintiff seeks compensatory, consequential and punitive damages in the amount of five million dollars.

Simultaneously with the filing of her complaint, plaintiff submitted an application for an order to show cause seeking injunctive relief and temporary restraining order enjoining Dobbins, the Sheriff's Department, the CSEB and Verizon from garnishing her salary, and an application to proceed in forma pauperis.

III.  Discussion

    A.  In Forma Pauperis Application

Upon review of plaintiff's declaration in support of her application to proceed in forma pauperis, the Court determines that her financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

    B.  Jurisdiction

Plaintiff attempts to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 (diversity of citizenship), 42 U.S.C. § 1983, 28 U.S.C. § 1728A, and the Supremacy Clause of

the United States Constitution.

1. Diversity Jurisdiction

28 U.S.C. § 1332(a), which provides the basis for diversity of citizenship jurisdiction, provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, * * * and is between– (1) citizens of different States * * *."

Plaintiff states that she "was a resident of the state of Florida, but currently since April 14, 1999 [is] a resident of the State of New York, Suffolk County" and that "Defendant's [sic] are residents of the State of New York, County of Suffolk." (Compl., p. 1). Since plaintiff was a citizen of the same state as defendants at the time the instant complaint was filed, federal jurisdiction is unavailable under 28 U.S.C. § 1332. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990)("It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant.")(citation omitted).

2. Federal Question Jurisdiction

a. Rooker-Feldman

Pursuant to what is commonly known as the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-415, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75

L.Ed.2d 206 (1983). The Rooker-Feldman doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Accordingly, there are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject that state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. Hoblock v. Albany County Board of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Clearly, plaintiff was the state-court loser in the Family Court and Supreme Court proceedings and the judgments in those proceedings were rendered prior to the commencement of this action. Accordingly, application of the Rooker-Feldman doctrine to the instant case turns upon the second and third requirements.

Federal suits which raise some independent claim that was not the result of the state court judgment "are outside Rooker-Feldman's compass even if they involve the identical subject matter and parties as previous state-court suits." Hoblock, 422 F.3d at 86. However, a plaintiff cannot avoid the application of Rooker-Feldman simply by presenting in federal court a legal theory not raised in state court. See id. Rather, district courts lack subject matter jurisdiction of federal constitutional claims that are "inextricably intertwined" with a challenged state-court judgment, even if such claims were not raised in the state court. Id. (citing Feldman, 460 U.S. at 483-484, n. 16, 103 S.Ct. 1303). In other words, district courts lack jurisdiction "over challenges to state court decisions arising out of judicial proceedings, 'even if those challenges allege that

8

the state court's action was unconstitutional.'" Walker v. Feller, No. CV-05-2689, 2005 WL 1971862, at * 4 (E.D.N.Y. Aug. 16, 2005)(citing Feldman, 460 U.S. at 486, 103 S.Ct. 1303).

i. Injury Caused by State Court Judgment

The Second Circuit has provided the following formula to determine whether a plaintiff is complaining of an injury caused by a state court judgment:

> "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment caused the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear."

Hoblock, 422 F.3d at 88.

The only injuries alleged in the plaintiff's complaint are that she was deprived of custody of her child; that she was "stripped * * * of any parental responsibility with regard to any medical or educational decisions" pertaining to her child; that she was twice incarcerated for non-payment of child support orders; and that she was ordered to pay Dobbins's legal fees in connection with the state court proceedings. All of plaintiff's alleged injuries were, thus, caused by the state court judgments and she does not claim an independent injury distinct from those judgments. See, e.g. Amaya v. McManus, No. 04C0913, 2005 WL 2334342, at * 3 (E.D.Wis. Sept. 23, 2005)(finding that the plaintiff's allegations that the family court violated her constitutional rights by, *inter alia*, transferring custody of her child and for arresting and imprisoning her for contempt of court of the custody order involved injuries directly resulting from the state court judgment); Thomas v. Illinois Dept. of Public Aid, No. 02 C 5722, 2003 WL

22938904, at * 2 (N.D.Ill. Dec. 10, 2003)(finding that the plaintiff's allegations that his civil rights were violated because he was subjected to illegal child support demands involved injuries stemming from the child support order and, thus, were barred by the Rooker-Feldman doctrine); see also Hoblock, 422 F.3d at 87 (stating in dicta that a civil rights action challenging a state court order transferring custody of a child as a violation of due process impermissibly complains of an injury caused by the state court judgment).

        ii.  Review and Rejection of State Court Judgments

Since plaintiff bases her complaint upon alleged procedural irregularities in the state court proceedings, she is clearly inviting this Court to review and reject the state courts' judgments. See, e.g. Walker, 2005 WL 1971862, at * 5 (finding that to the extent the plaintiffs based their federal complaint upon correctable irregularities in the state court procedures, they were plainly asking the court to review and reject the state court's judgment and, thus, those claims were barred by Rooker-Feldman); see also Hale v. Harney, 786 F.2d 688, 689-690 (5th Cir. 1986)(dismissing the complaint for lack of subject matter jurisdiction, finding that the plaintiff's civil rights action against his former wife, her attorney and the state court judge who presided of the divorce litigation, in substance, impermissibly sought review and reversal of the state court decree granting custody of the parties' children and substantial child support to the plaintiff's former wife); Amaya, 2005 WL 2334342, at * 4 (finding that the plaintiff's claims that the defendants violated her constitutional rights when she was arrested and custody or her child was transferred to the father, which were based on the argument that the state court lacked jurisdiction, and that defendants conspired to deny her constitutional rights required

impermissible review of the state court judgment); ; Rucker v. County of Santa Clara, State of California, No. C02-5981, 2003 WL 21440151, at * 2 (N.D.Cal. June 17, 2003)(finding that the plaintiff's civil rights action alleging that his due process rights were violated by issuance of a garnishment order for back child support called upon the district court to review the legality of the state court order and, thus, was barred by the Rooker-Feldman doctrine). Accordingly, plaintiff's constitutional claims are barred by the Rooker-Feldman doctrine.

  b. 28 U.S.C. § 1738 Claims

To the extent that plaintiff's claim under the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A, can be said to be independent of the state court judgments and, thus, outside of the compass of Rooker-Feldman, that claim is likewise dismissed. The PKPA simply requires states to enforce custody determinations of other states and does not create a private right of action. See Thompson v. Thompson, 484 U.S. 174, 183, 108 S.Ct. 513, 518, 98 L.Ed.2d 512 (1988); see also Rein v. Rein, No. 95 Civ. 4030, 1996 WL 273993, *5, n.2 (S.D.N.Y. 1996). Accordingly, plaintiff's claim pursuant to 28 U.S.C. § 1738A is dismissed.

  3. Supplemental Jurisdiction

Since there is no diversity of citizenship between the parties, jurisdiction over plaintiffs' state law claims is supplemental. See, 28 U.S.C. § 1367(c)(3); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 304 (2d Cir. 2003). Pursuant to 28 U.S.C. § 1367(c), a court's decision to decline to exercise supplemental jurisdiction over a pendent claim is permissive, not mandatory. See, Valencia, 316 F.3d at 305; see also United Mine Workers of America v. Gibbs, 383 U.S. 715,

726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)(stating that pendent jurisdiction is a doctrine of discretion). "[I]f it appears that the state issues substantially predominate * * * the state claims may be dismissed without prejudice and left for resolution to state tribunals." Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001)(citing Gibbs, 383 U.S. at 726-727, 86 S.Ct. 1130). The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In the "usual case" in which all federal claims are dismissed before trial, "the balance of factors to be considered * * * will point toward declining to exercise jurisdiction" over the pendent claims. Cohill, 484 U.S. at 350, n. 7, 108 S.Ct. 614; see also Barriera v. Bankers Trust, 98 Civ. 3641, 2003 WL 22387099, at * 9 (S.D.N.Y. Oct. 20, 2003).

In light of the dismissal of all federal claims in this action, I decline to exercise supplemental jurisdiction over the remaining pendant state law claims. Accordingly, those claims are dismissed without prejudice to seeking resolution of them in state court.

C. Enjoining Future Filings

Since plaintiff's repeated filings in the federal courts against Dobbins and others relate to similar facts and issues and have all been dismissed for lack of subject matter jurisdiction, she is cautioned that further filings of any complaint, petition or proceeding based upon the state court proceedings may result in the issuance of an order prohibiting her from filing any future lawsuits in this Court without first obtaining leave of the Court. See MLE Realty Associates v. Handler,

192 F.3d 259, 261 (2d Cir. 1999)(holding that a district court may not, *sua sponte*, enjoin further filings of frivolous or vexatious claims without providing express notice and an opportunity to be heard); Matter of Hartford Textile Corp., 613 F.2d 388, 390 (2d Cir. 1979)(accord); see also Board of Managers of 2900 Ocean Avenue Condominium v. Bronkovic, 83 F.3d 44, 45 (2d Cir. 1996) (A district court is required to provide notice or an opportunity to be heard prior to enjoining the filing of claims).

IV. CONCLUSION

ORDERED that the plaintiff's application to proceed in forma pauperis is granted; and it is further

ORDERED that the complaint is dismissed sua sponte with prejudice; and it is further

ORDERED that the application for an order to show cause and temporary restraining order is denied as moot; and it is further

ORDERED that the clerk of the Court shall send a copy of this order to plaintiff by regular first class mail and by certified mail, return receipt requested, and shall close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May //, 2006
Central Islip, New York

Copy to:

Nancy Vartabedian, *pro se*

13

11 Jacobsen Court
Medford, NY 11763